UNITED STATES DISTRICT COURT for the
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------X
ROBERT VENTURA, in his fiduciary capacity as a Trustee for
the ASBESTOS WORKERS NEW YORK/NEW ENGLAND
ANNUITY, HEALTH AND EDUCATION & TRAINING
FUNDS and the INTERNATIONAL ASSOCIATION OF HEAT
AND FROST INSULATORS AND ASBESTOS
WORKERS LOCAL NO. 201,

**JOINT PRETRIAL MEMORANDUM**

3 02-CV-554 (JCH)

Plaintiffs,

-against-

ENVIRONMENTAL WORKERS OF AMERICA, INC. and
JOHN or JANE DOE FIDUCIARY,

Defendants.
------------------------------------------------------------------------X

### JOINT PRETRIAL MEMORANDUM

Plaintiffs ROBERT VENTURA, in his fiduciary capacity as a Trustee for the ASBESTOS WORKERS NEW YORK/NEW ENGLAND ANNUITY, HEALTH AND EDUCATION & TRAINING FUNDS ("FUNDS") and the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS LOCAL NO. 201 ("LOCAL 201"), and Defendants ENVIRONMENTAL WORKERS OF AMERICA, INC. ("EWA") and JOHN or JANE DOE FIDUCIARY ("DOE"), submit this Joint Pretrial Memorandum (in compliance with Local Rule 6 of Civil Procedures, the Standing Order Regarding Trial Memoranda in Civil Cases

1

incorporated in the Local Rules of Civil Procedure, and the December 22, 2003 "Final Pre-Trial Order" issued by this Court) in preparation for the parties' June 2, 2004 trial date before this Court.

1. **TRIAL COUNSEL**

   Plaintiffs –   Vincent F. O'Hara, Esq.
   Holm & O'Hara LLP
   73 Main Street
   P.O. Box 215
   Sharon, Connecticut 06069
   (800) 580-2280

   Defendants –   Gerald L. Garlick, Esq.
   Krasow, Garlick & Hadley, LLC
   One State Street
   Hartford, Connecticut 06103
   (860) 549-7100

2. **JURISDICTION**

   Subject Matter Jurisdiction – This Court maintains subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act ("ERISA", 29 U.S.C. § 1001, *et seq.*) § 1132(e)(1).

   Personal Jurisdiction – This Court maintains personal jurisdiction over these matters pursuant to ERISA § 1132(a)(3), § 1132(d), § 1132(e)(1), § 1132 (e)(2), § 1132(f), and the Labor Management Relations Act ("LMRA", 29 U.S.C. § 152, *et seq.*), § 185(c).

3. **JURY/NON-JURY**

   In accordance with the decision of the United States Court of Appeals for the Second Circuit in Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1257-59 (2d Cir.

1996), since the primary nature of this lawsuit involves the right of the plaintiffs to recover outstanding ERISA benefits, a remedy equitable in nature, neither party maintains a right or claim to a jury trial in this action.

Therefore, both parties, plaintiffs and defendants, agree that a bench trial is proper in the present action.

4. **LENGTH OF TRIAL**

The parties, Plaintiffs and Defendants, estimate the length of said bench trial in this action to be approximately one and one-half (1 ½) to two (2) days. Plaintiffs estimate the length of their presentation (including cross-examination of witnesses) to be approximately one (1) day. Defendants estimate the length of their presentation (including cross-examination of witnesses) to be less than one (1) day.

5. **FURTHER PROCEEEDINGS**

The parties, Plaintiffs and Defendants, do not foresee the necessity of any further proceedings, other than the scheduled May 27, 2004 Pretrial Conference which will serve, in part, to resolve plaintiffs' still outstanding objections to the First Count of Defendants' Counterclaim, prior to trial.

6. **NATURE OF CASE**

This is an action arising under ERISA, LMRA, and the common law, alleging the Defendants' failure, in violation of the terms of a collective bargaining agreements (executed by

and between LOCAL 201 and EWA on May 11, 1994 and May 25, 1995)("AGREEMENT"), and ERISA, 29 U.S.C. § 1145, to remit fringe benefit contributions and union dues and assessments to the Plaintiffs, during the period January 1, 1995 through September 30, 1999.

 (a) <u>Plaintiffs</u>:

Plaintiff ROBERT VENTURA brought this action in his capacity as a Trustee and fiduciary of the FUNDS, a series of jointly-trusteed multiemployer employee benefit plans, and LOCAL 201, a labor organization which represents employees in an industry affecting commerce, against Defendant, EWA, a for-profit foreign corporation, which maintained a collective bargaining agreement with LOCAL 201, and an unknown fiduciary for EWA, DOE. Plaintiffs alleged the following claims in its Complaint, filed March 27, 2002:

 (i) EWA's failure to remit contributions due and owing to the FUNDS in an amount not less than $29,161.35 for the period January 1, 1995 through September 30, 1999 constituted a violation of ERISA, 29 U.S.C. §§ 1132 and 1145, thereby entitling the FUNDS to relief in accordance with 29 U.S.C. § 1132(g)(2);

 (ii) EWA's failure to remit contributions due and owing to the FUNDS in an amount not less than $29,161.35 for the period January 1, 1995 through September 30, 1999 constituted a violation of the AGREEMENT, thereby entitling the FUNDS to recover under the AGREEMENT, all of the unpaid contributions, full damages in accordance with the civil enforcement provisions of ERISA (29 U.S.C. § 1132), including 20% liquidated damages, interest, costs of the action, attorneys' fees and expenses;

 (iii) DOE's failure, as a fiduciary under 29 U.S.C. § 1002(21)(A), to remit contributions due and owing to the FUNDS in the total amount of $33,011.01, constituted a

violation of his/her ERISA fiduciary duties, 29 U.S.C. § 1104, thereby entitling the FUNDS and LOCAL 201 to collect from DOE the total amounts due and owing, along with accrued prejudgment interest on the delinquent contributions to the FUNDS, and attorneys' fees, costs and expenses, and the cost of the audit ($8,116.00), in accordance with ERISA;

    (iv) EWA's failure to remit dues to LOCAL 201 in an amount not less than $3,849.66 for the period January 1, 1995 through September 30, 1999, constituted a violation of the AGREEMENT, thereby entitling LOCAL 201 to all of the unpaid dues and pre-judgment interest in accordance with the AGREEMENT;

    (v) EWA's failure to submit contributions to the FUNDS and dues to LOCAL 201 constituted a breach of the AGREEMENT, and EWA's conduct demonstrated a significant likelihood that it would continue to breach the terms of the AGREEMENT, leaving the FUNDS and LOCAL 201 without an adequate remedy at law to ensure EWA's adherence to the AGREEMENT, thereby causing the members of LOCAL 201 and the participants in the FUNDS to suffer immediate and irreparable injury unless EWA and DOE, and their officers, agents, servants, and employees are enjoined from failing to timely pay the contributions and dues pursuant to the AGREEMENT. Therefore, the FUNDS and LOCAL 201, in accordance with ERISA and the AGREEMENT, requested that this Court enjoin permanently EWA and DOE, and their officers, agents, servants, and employees and all persons in active concert or participation with them, from failing to: a) pay contributions to the FUNDS; and b) pay accurate dues to LOCAL 201, for the term of the AGREEMENT;

Defendants:

Defendant EWA filed a two (2) count Counterclaim, attached to Defendants' "Request for Leave to Amend Answer by Filing Counterclaim" dated March 26, 2003, in which the First Count alleged that Plaintiff failed to properly credit or account for all of the payments made by Defendant, thereby causing unjust enrichment of the Plaintiff, and the Second Count alleged that Plaintiff LOCAL 201 and Defendant entered into an agreement under which Plaintiff agreed to reimburse Defendant $10,662.49 for a training course, the Defendant then performed all of its obligations under that agreement, and Plaintiff never reimbursed, nor did Plaintiff's auditor give credit for, any portion of the $10,662.49. Plaintiffs objected to defendants' request to amend, and the Court has yet to rule on this issue.

(b) Plaintiffs plan to pursue all of the above-listed claims in subsection (a) at trial, except for those listed in subsection (iii) as they pertain to any claim against DOE, and the relevant part of subsection (v) which pertains only to DOE. Plaintiffs will only be pursuing at trial all claims it maintains against EWA. Defendants, by letter to the Court dated May 3, 2004, advised the Court that there is no need for it to act/rule on the Second Count of the counterclaim, for it will not be pursued by the defendants, but that defendants still intend to pursue the First Count of the proposed Counterclaim, which requires the Court to rule on the request.

(c) **DEFENSES PURSUED AT TRIAL**

Defendants:

As set forth in the First Count of the proposed Counterclaim, Defendants will contend that Plaintiffs failed to properly account for all payments made by Defendants to Plaintiffs. In addition, the May 25, 1995 Agreement identified by Plaintiffs as the operative

6

agreement between the parties does not contain any schedule for fees or dues payable by Defendant for work performed outside of New York. The Agreement only covers work performed in New York, and Defendant will offer testimony that no work was performed in New York. Therefore, Plaintiffs are not entitled to any payments under that Agreement and, in fact, Defendant has already overpaid Plaintiffs and is entitled to reimbursement.

<u>Plaintiffs:</u>

With regard to Defendants' First Count of the Counterclaim, that FUNDS and LOCAL 201 properly handled, credited and accounted for payments actually made by Defendants, and that the FUNDS' auditor, during the performance of the payroll audit of EWA, properly accounted for and attributed all such payments to EWA, thus resulting in no unjust enrichment of the Plaintiffs.

(d) Since there is no jury in the present action, there is no need for an agreed, brief joint statement of the case that may be read to the jury. The parties rely on all the information contained herein as appropriate for the Court's review.

7. **TRIAL BY MAGISTRATE JUDGE**

Plaintiffs' and Defendants' consent to a trial by a Magistrate Judge in this matter is moot in light of the fact that a trial date has been scheduled with Judge Hall for June 2, 2004.

8. **LIST OF WITNESSES**

<u>Plaintiffs</u>

Plaintiffs will definitely call each of the following witnesses in this action:

7

  a) Robert F. Ventura
   Asbestos Workers Local 201 - LOCAL 201
   P.O. Box 2010
   Wappingers, New York 12590-2010
   (845) 463-1700

   • Robert F. Ventura was and remains at all times relevant to this action, the Business Manager for LOCAL 201. Mr. Ventura will testify as to the nature of the work performed by LOCAL 201, the pertinent contractual agreements between LOCAL 201 and EWA, as well as providing testimony regarding LOCAL 201's procedure for handling dues payments made by contributing employers, and in particular those payments put into dispute by EWA.

  b) Leo Ricciardelli
   Insurance Programmers, Inc.
   60 North Main Street
   P.O. Box 5817
   Wallingford, CT 06492
   (203) 269-7741

   • Leo Ricciardelli, will testify on behalf of the FUNDS' third-party administrator, regarding the EWA contributions checks received and credited by the FUNDS.

  c) Nicholas Byrne
   770 Dart Hill Road
   Vernon, CT 06066
   (860) 872-5882

   • Nicholas Byrne, while working for KOBGO Associates, Inc. performed the payroll audit of EWA (on behalf of the FUNDS) which serves as the basis for the contribution and dues delinquency amounts owed by EWA to the FUNDS and LOCAL 201 respectively. Mr. Byrne will testify to the procedures implemented while he conducted the payroll audit of EWA, including those documents to which he had access and utilized, and those to which he was never provided access by EWA. Mr. Byrne's testimony will address the


disputed checks offered as the Defendants' exhibits, and Mr. Byrne's testimony will establish the legitimacy of the $33,011.01 delinquency amount sought by the FUNDS and LOCAL 201 in this action.

<u>Defendants</u>

Defendants will definitely call each of the following witnesses in this action:

a) Todd Scyocurka
   Environmental Workers of America, Inc. - EWA
   92 Moody Street
   Ludlow, MA 01056

- Todd Scyocurka will testify as to the following: (i) the checks that have been marked as Defendant's exhibits, including the fact that the Defendant was not given proper credit for the payments represented by those checks; (ii) the states in which Defendant performed work; and (iii) the nature of the work performed by the Defendant.

9. **DEPOSITION TESTIMONY**

No depositions were given and/or taken in this action, and accordingly, neither party maintains any witnesses who are expected to testify by deposition at trial.

10. **INTERROGATORIES/REQUESTS TO ADMIT**

No interrogatories and/or requests to admit were issued in this action, and accordingly, neither party currently presents any to the Court.

11. **EXHIBITS**

<u>Plaintiffs will offer the following exhibits at trial on its case-in-chief</u>:

  1. Specialty Agreement for Removal and Abatement of Asbestos between Local 201 and defendant Environmental Workers of America, Inc. – signed and subscribed May 11, 1994;

  2. Specialty Agreement for Removal and Abatement of Asbestos between Local 201 and defendant Environmental Workers of America, Inc. – signed and subscribed May 25, 1995;

  3. Insurance Programmers, Inc. Cash History Transactions Report for the period 1/00/1996 – 12/31/2000;

  4. Payroll Audit of Environmental Workers of America, Inc., prepared by Kobgo Associates, Inc., for the time period January 1, 1995 through September 30, 1999.

  5. Supporting documentation for the Payroll Audit of Environmental Workers of America, Inc., prepared by Kobgo Associates, Inc., for the time period January 1, 1995 through September 30, 1999. This includes, but is not limited to Payroll Procedures, Payroll Audit Schedule for Unsubstantiated Employees and additional monthly delinquency schedules.

  6. Series of LOCAL 201 Weekly Remittance Reports for the period January 1995 through December 1999. *See* the detailed exhibit list attached hereto.

<u>Defendants will offer the following exhibits at trial on its case-in-chief</u>:

10

       7.     Series of checks marked as one exhibit. *See* the list of exhibits attached hereto.

12. **ANTICIPATED EVIDENTIARY PROBLEMS**

Neither Plaintiffs nor Defendants anticipate any evidentiary problems in this action.

13. **MOTIONS IN LIMINE**

Neither Plaintiffs nor Defendants will be filing any motions in limine in this action.

14. **GLOSSARY**

Neither Plaintiffs nor Defendants intends to present testimony or other evidence which will include medical or technical terms, and accordingly, neither party will be filing a glossary of such terms with the Court.

15. **TRIAL TO COURT/JURY**

(a) Counsel for Plaintiffs and Defendants have submitted their respective proposed findings of fact and conclusions of law in the documents and diskettes attached hereto.

16. **PRETRIAL CONFERENCE**

A pretrial conference in this action is set for May 27, 2004 at 11:00 a.m.

17. **TRIAL**

This case is scheduled to commence trial on June 2, 2004 at 9:00 a.m.


Dated: Hartford, Connecticut
May 13, 2004

**FOR PLAINTIFFS**:

By: _____
Vincent F. O'Hara, Esq.
Federal Bar: CT04389
Holm & O'Hara LLP
73 Main Street
Sharon, CT 06069
(800) 682-2280

**FOR DEFENDANTS**:

By: _____
Gerald L. Garlick, Esq.
Federal Bar: CT05627
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT 06103
(860) 549-7100

L:VFO/ASBESTOS/4205.003/Pretrial Order.doc

UNITED STATES DISTRICT COURT for the
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------X
ROBERT VENTURA, in his fiduciary capacity as a Trustee for
the ASBESTOS WORKERS NEW YORK/NEW ENGLAND
ANNUITY, HEALTH AND EDUCATION & TRAINING
FUNDS and the INTERNATIONAL ASSOCIATION OF HEAT
AND FROST INSULATORS AND ASBESTOS
WORKERS LOCAL NO. 201,

**PLAINTIFFS'
EXHIBIT # 6
ATTACHMENT &
DESCRIPTION**

                                Plaintiffs,

3 02-CV-554 (JCH)

          -against-


ENVIRONMENTAL WORKERS OF AMERICA, INC. and
JOHN or JANE DOE FIDUCIARY,

                              Defendants.
------------------------------------------------------------------------X

**PLAINTIFFS' EXHIBIT # 6 ATTACHMENT & DESCRIPTION
FOR USE AND INCLUSION IN THE PARTIES'
JOINT PRETRIAL MEMORANDUM, SECTION 11, EXHIBITS**

Plaintiffs' Exhibit 6 will consist of a series of plaintiff INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS LOCAL NO. 201's ("LOCAL 201") Weekly Remittance Reports, as submitted to LOCAL 201 by defendant ENVIRONMENTAL WORKERS OF AMERICA, INC., for the following time periods:

- January 1995
- February 1995
- March 1995
- April 1995
- May 1995

1

- June 1995
- June 10, 1995 through August 4, 1995
- August 1995
- September 1995
- October 1995
- November 1995
- December 1995

- January 1996 through March 1996
- April 4, 1996 through June 27, 1996
- July 1, 1996 through August 2, 1996
- August 8, 1996 through August 29, 1996
- September 5, 1996 through September 30, 1996
- October 3, 1996 through October 31, 1996
- November 8, 1996 through November 27, 1996
- December 1996

- January 1, 1997 through March 31, 1997
- April 1, 1997 through June 30, 1997
- July 1, 1997 through September 30, 1997
- October 1, 1997 through December 31, 1997

- 1st Quarter 1998 (January 1998 through March 1998)
- April 1998 through May 1998
- June 1998
- July 1998 through August 1998
- September 1998 through November 1998
- December 1998

- January 1999 through April 1999
- May 1999
- June 1999
- July 1999
- August 1999
- September 1999
- October 1999
- November 1999
- December 1999

L:VFO/ASBESTOS/4205.003/Exhibit 6 Attachment.doc

*VENTURA v. ENVIRONMENTAL WORKERS OF AMERICA, INC.*

DEFENDANT'S PROPOSED EXHIBITS

TO BE MARKED AS ONE EXHIBIT

Check no. 3439, dated May 6, 1996.

Check no. 3440, dated May 6, 1996.

Check no. 3441, dated May 6, 1996.

Check no. 3442, dated May 6, 1996.

Check no. 3477, dated May 20, 1996.

Check no. 3499, dated June 3, 1996.

Check no. 3626, dated July 25, 1996.

Check no. 3627, dated July 25, 1996.

Check no. 3628, dated July 25, 1996.

Check no. 3630, dated July 24, 1996.

Check no. 3631, dated July 25, 1996.

Check no. 3683, dated August 20, 1996.

Check no. 5038, dated May 18, 1999.

Check no. 5039, dated May 18, 1999.

Check no. 5040, dated May 18, 1999.

Check no. 5041, dated May 18, 1999.

Check no. 5042, dated May 18, 1999.

Check no. 5043, dated May 18, 1999.

Check no. 5054, dated May 27, 1999.

Check no. 5055, dated May 27, 1999.

Check no. 5056, dated May 27, 1999.

Check no. 5057, dated May 27, 1999.

Check no. 5058, dated May 27, 1999.

Check no. 5059, dated May 27, 1999.

Check no. 5069, dated June 4, 1999.

Check no. 5221, dated October 6, 1999.

Check no. 5222, dated October 6, 1999.

Check no. 5224, dated October 6, 1999.

Check no. 5225, dated October 6, 1999.

Check no. 5227, dated October 6, 1999.

Check no. 5238, dated October 13, 1999.

Check no. 5239, dated October 13, 1999.

Check no. 5240, dated October 13, 1999.

Check no. 5241, dated October 13, 1999.

Check no. 5242, dated October 13, 1999.

Check no. 5319, dated December 16, 1999.

Check no. 5320, dated December 16, 1999.

Check no. 5321, dated December 16, 1999.

Check no. 5322, dated December 16, 1999.

Check no. 5323, dated December 16, 1999.

Check no. 5324, dated December 16, 1999.

Check no. 5335, dated December 29, 1999.

Check no. 5336, dated December 29, 1999.

Check no. 5337, dated December 29, 1999.

Check no. 5338, dated December 29, 1999.

Check no. 5339, dated December 29, 1999.

Check no. 5340, dated December 29, 1999.

Check no. 5366, dated January 25, 2000.

3

Check no. 5367, dated January 25, 2000.

Check no. 5368, dated January 25, 2000.

Check no. 5369, dated January 25, 2000.

Check no. 5370, dated January 25, 2000.

Check no. 5371, dated January 25, 2000.

Check no. 5372, dated January 25, 2000.

Check no. 5373, dated January 25, 2000.

Check no. 5374, dated January 25, 2000.

Check no. 5375, dated January 25, 2000.

Check no. 5376, dated January 25, 2000.

Check no. 5377, dated January 25, 2000.

001694/00001/21472.1