UNITED STATES DISTRICT COURT for the
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------X
ROBERT VENTURA, in his fiduciary capacity as a Trustee for      :
the ASBESTOS WORKERS NEW YORK/NEW ENGLAND        :
ANNUITY, HEALTH AND EDUCATION & TRAINING          :        **PLAINTIFFS'**
FUNDS and the INTERNATIONAL ASSOCIATION OF HEAT   :        **PROPOSED**
AND FROST INSULATORS AND ASBESTOS                 :        **FINDINGS OF FACT**
WORKERS LOCAL NO. 201,                            :        **AND CONCLUSIONS**
                                                  :        **OF LAW**
                                                  :
                                                  :
                         Plaintiffs,              :        **3 02-CV-554 (JCH)**
                                                  :
            -against-                             :
                                                  :
                                                  :
ENVIRONMENTAL WORKERS OF AMERICA, INC. and        :
JOHN or JANE DOE FIDUCIARY,                       :
                                                  :
                         Defendants.              :
------------------------------------------------------------------------X

**PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
FOR USE AND INCLUSION IN THE PARTIES'
JOINT PRETRIAL MEMORANDUM, SECTION 15(a), TRIAL TO COURT**

Plaintiffs ROBERT VENTURA, in his fiduciary capacity as a Trustee for the ASBESTOS

WORKERS NEW YORK/NEW ENGLAND ANNUITY, HEALTH AND EDUCATION &

TRAINING FUNDS ("FUNDS") and the INTERNATIONAL ASSOCIATION OF HEAT AND

FROST INSULATORS AND ASBESTOS WORKERS LOCAL NO. 201 ("LOCAL 201") submit this

Proposed Findings of Fact and Conclusions of Law in satisfaction of Section 15(a) of the Court's Pretrial

Order in the above-referenced action.

1

### Plaintiffs' Proposed Findings of Fact

1.      Plaintiffs FUNDS are series of jointly-trusteed multiemployer employee benefit plans established pursuant to a collective bargaining AGREEMENT and by trust indentures.

2.      The FUNDS are administered and maintain an office located at 60 North Main Street, P.O. Box 5817, Wallingford, CT 06492.

3.      Plaintiff ROBERT VENTURA is a Trustee of the FUNDS and Business Manager of LOCAL 201.

4.      LOCAL 201 maintains offices located at P.O. Box 2010, Wappingers, New York 12590-2010.

5.      Defendant ENVIRONMENTAL WORKERS OF AMERICA, INC. ("EWA") maintained at all times relevant to this action an office and principal place of business located at 100 Moody Street, Ludlow, MA 01056.

6.      Greg Scyocurka, President of EWA, executed a collective bargaining agreement with LOCAL 201 on May 11, 1994 ("94 CBA").  See Plaintiffs' Exhibit 1.

7.      Greg Scyocurka, President of EWA, executed a collective bargaining agreement with LOCAL 201 on May 25, 1995 ("95 CBA") which covered apprentices and work performed in the Atate of New York.  See Plaintiffs' Exhibit 2.

8.      The 94 CBA and 95 CBA (collectively "AGREEMENT"), including but not limited to Article I, Section One, Article II, Article IV and Article V, define the following: a) the employees covered by the AGREEMENT; and b) the work covered by the AGREEMENT.

2

9.    Article VII, Section Two of the AGREEMENT obligates EWA to deduct dues and assessments ("dues") for each hour paid for, including all overtime hours, from the wages of all employees who authorize such deductions and to submit such sums to LOCAL 201 not later than one week after said deductions, along with a complete list of employees and hours paid.

10.    Article VII, Section One and Section Five of the AGREEMENT obligate EWA to submit fringe benefit payments ("contributions") and a complete list of all employees and hours worked ("remittance reports") to the FUNDS on a monthly basis.

11.    Article VII, Section Five of the AGREEMENT requires EWA to post a $10,000.00 certified check or bond which will be returned if EWA promptly submits contributions and remittance reports for twelve (12) continuous months.

12.    Article I, Section Two of the AGREEMENT binds EWA and its successors and assigns to the AGREEMENT.

13.    Article III of the AGREEMENT bars EWA from subcontracting work covered by the AGREEMENT unless otherwise agreed to in writing by LOCAL 201 and EWA, the subcontractor is a signatory to a local Asbestos Workers Union Agreement and EWA requires the subcontractor to comply with the AGREEMENT.

14.    Article XV provides that the AGREEMENT continues in full force and effect for at least one year and continues in effect thereafter until notice of termination or modification is given not more than ninety (90) nor less than sixty (60) days prior to such anniversary date or until the execution of a new Agreement.

15.    Article II, Section One of the 95 CBA states that the geographic jurisdiction of the 95 CBA

3

covers the New York and New England states and references Appendix "B" which provides that the 95

CBA covers all work within the State of New York within the jurisdiction that LOCAL 201 covers.

16.     The 94 CBA, including but not limited to Appendix "A", does not account for or distinguish

apprentice/helper wage rates from regular member/foreman/supervisor rates and/or does not reference

apprentices in any manner.

17.     The 95 CBA, including Appendix "A", provides for apprentices and classifies apprentice

rates and rules.

18.     LOCAL 201 members performed work covered by the scope of the AGREEMENT for

EWA during the audit period, January 1, 1995 through September 30, 1999.

19.     EWA issued some contributions checks to the FUNDS and some dues payments to

LOCAL 201 for work performed by LOCAL 201 members during the audit period, January 1, 1995

through September 30, 1999.

20.     EWA issued remittance reports to LOCAL 201 for work performed by LOCAL 201

members during the audit period, January 1, 1995 through September 30, 1999. See Plaintiffs' Exhibit 6.

21.     Kobgo Associates, Inc. ("Kobgo"), the FUNDS' auditor, completed an audit of EWA on

August 15, 2000, for the period of January 1, 1995 through September 30, 1999, which found a

contributions delinquency in the amount of $33,011.01, with audit costs of an additional $8,116.00. See

Plaintiffs' Exhibit 4.

22.     By letter dated February 21, 2001, sent via certified mail return receipt requested, Holm

& O'Hara LLP ("H&O"), on behalf of the FUNDS and LOCAL 201, demanded that EWA: a) submit

4

delinquent contributions and dues in the amount of $33,011.01 for the period of January 1, 1995 through September 30, 1999, as per the audit; and b) submit the cost of the audit ($8,116.00).

23.     By letter dated March 27, 2001, sent via certified mail, return receipt requested, H&O demanded EWA do the following: a) submit delinquent contributions and dues in the amount of $33,011.01, as per the audit; and b) submit the cost of the audit ($8,116.00).

24.     By letter dated June 13, 2001, H&O demanded that EWA do the following: a) submit delinquent contributions and dues in the amount of $33,011.01, as per the audit; b) submit interest at ten percent (10%) per annum on the delinquent contributions and dues totaling $33,011.01, which as it was then computed through June 13, 2001 gave an interest amount due and owing by EWA of $15,125.59; and c) submit the cost of the audit ($8,116.00).

25.     To date, EWA has not remitted to the FUNDS and/or LOCAL 201 any portion of the amounts listed above as due and owing to the FUNDS and LOCAL 201.

26.     Each of the currently-disputed checks provided by the Defendant EWA as contribution and dues payments (see Defendants' Exhibit 7), were properly and timely deposited and accounted for by the FUNDS and/or its third-party administrator Insurance Programmers, Inc., and/or LOCAL 201.

27.     During the performance of his normal auditing procedures in the examination of EWA, Nicholas Byrne, on behalf of Kobgo and the FUNDS, properly accounted for each of the disputed checks (see Defendants' Exhibit 7) and still found a contributions and dues delinquency due and owing by EWA to the FUNDS and LOCAL 201 in the amount of $33,011.01, for the period of January 1, 1995 through September 30, 1999.

*Plaintiffs' Proposed Conclusions of Law*

28.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, *et seq.*, and the common law.

29.     This Court maintains subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1331 and ERISA.

30.     This Court maintains personal jurisdiction over these matters pursuant to ERISA § 1132(a)(3), § 1132(d), § 1132 (e)(1), § 1132 (e)(2), § 1132(f), and the LMRA § 185(c).

31.     Venue is properly placed in the District of Connecticut under 29 U.S.C. §§ 185(a) and 1132(e)(2) in that the subject plans are administered in New Haven County, in the town of Wallingford, Connecticut.

32.     The FUNDS are employee benefit plans within the meaning of ERISA, 29 U.S.C. §§ 1002(2), (3), and 1132(d)(l) and multiemployer plans within the meaning of 29 U.S.C. §§ 1002(37) and 1145.

33.     The FUNDS are authorized to maintain suit as an independent legal entity under 29 U.S.C. § 1132(d)(l).

34.     As a Trustee of the FUNDS, plaintiff ROBERT VENTURA brought this lawsuit in his capacity as a fiduciary of the FUNDS within the meaning of ERISA, 29 U.S.C. § 1002 (21).

35.     Plaintiff LOCAL 201 is an association formed under the laws of the State of New York and a labor organization within the meaning of 29 U.S.C. § 185 that represents employees in an industry

6

affecting commerce as defined in 29 U.S.C. § 142(1) and 29 U.S.C. § 1002(12).

36.     Defendant EWA was a corporation organized on March 25, 1992 under the laws of the Commonwealth of Massachusetts, it existed by virtue of those laws until its involuntary dissolution on August 31, 1998, and it was revived on November 13, 1998 and continues to date as an active corporation.

37.     EWA is an employer engaged in an industry affecting commerce, within the meaning of 29 U.S.C. §185 and an employer within the meaning of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

38.     The geographic scope of the AGREEMENT covers the State of New York and the New England States.

39.     LOCAL 201 members performed work for EWA that was covered by the AGREEMENT during the period, January 1, 1995 through September 30, 1999.

40.     Any contention by EWA that it is not bound to the terms and conditions of the AGREEMENT due to the fact that the work performed by LOCAL 201 members was allegedly ouside the geographic scope of the AGREEMENT, must fail in light of well-established judicial and administrative precedent supporting the priciple of adoption of the agreement in circumstances such as the ones in the present action. Conduct by an employer that has been found to indicate adoption of a collective bargaining agreement includes the payment of wages and benefits and the remission of payroll reports at the scale provided for in the disputed agreement. See NLRB v. Haberman Constr. Co., 641 F.2d 351, 356 (5th Cir. 1981)(employer adopted the collective bargaining agreement by employing union members, making contributions into the union trust funds, and paying at the union wage scale); accord Trustees of Atlanta Ironworkers, Local 387 Pension Fund v. Southern Stress Wire Corp., 724 F.2d 1458 (11th Cir.

1983)(finding adoption where the employer utilized employees referred from the hiring hall and paid them in conformance with the collective bargaining agreement wage scale.

In <u>E.S.P. Concrete Pumping, Inc. and Local 47, I.U.B.A.C., AFL-CIO</u>, 327 NLRB No. 134 (1999), the National Labor Relations Board held that regardless of whether the parties' collective bargaining agreement was pursuant to Section 9(a) or Section 8(f) of the National Labor Relations Act, an employer and a union may enter into a collective bargaining relationship without having reduced to writing their intent to be bound, and that the formation of the contract is established by conduct demonstrating an intent to be bound by the terms of the agreement.

In the present case, depsite the presence of an effective writing demonstrating intent to be bound by an agreement that covered the New Engalnd states (<u>see</u> Plaintiffs' Exhibits 1 and 2), EWA's actions further evidenced this manifest intent. EWA filed remittance reports for work performed outside of the State of New York, EWA issued checks for contribution payments and dues payments for work performed outside the State of New York, and EWA reaped the benefits of employing union employees (LOCAL 201 members) and representing such to its customers outside the State of New York.

Furthermore, the Court should recognize that EWA has neither raised any affirmative defenses with respect to the status of the AGREEMENT at any point in the litigation, nor have the defenses offered in Section 6(c) of the parties' Joint Pretrial Memorandum alleged that the contributions and dues payments themselves were illegal or that the AGREEMENT was void *ab initio*. <u>See</u> <u>Benson v. Brower's Moving & Storage, Inc.</u>, 907 F.2d 310, 314 (2d Cir. 1990).

41.    In violation of the AGREEMENT and ERISA, EWA has failed to remit contributions and dues found due and owing to the FUNDS and LOCAL 201 for work covered by the AGREEMENT that

8

was performed by LOCAL 201 members, pursuant to the Kobgo audit for the period of January 1, 1995 through September 30, 1999, in an amount of not less than $33,011.01.

42.    In violation of ERISA, EWA has failed to remit the cost of the audit for the period of January 1, 1995 through September 30, 1999, in an amount of $8,116.00.

43.    EWA's failure to remit contributions due and owing to the FUNDS in an amount not less than $29,161.35 for the period January 1, 1995 through September 30, 1999 constituted a violation of ERISA, 29 U.S.C. §§ 1132 and 1145.

44.    Therefore, the FUNDS are entitled to the following relief in accordance with 29 U.S.C. § 1132(g)(2): a) all unpaid contributions in the amount of $29,161.35 for the period January 1, 1995 through September 30, 1999; b) liquidated damages in the amount of twenty percent (20%); c) interest; d) reasonable attorneys' fees; e) costs of the audit in the amount of $8,116.00; and f) the costs of the action;

45.    EWA's failure to remit contributions due and owing to the FUNDS in an amount not less than $29,161.35 for the period January 1, 1995 through September 30, 1999 constituted a violation of the AGREEMENT.

46.    Therefore, pursuant to Appendix "C" of the AGREEMENT, the FUNDS are entitled to recover all of the unpaid contributions in the amount of $29,161.35, full damages in accordance with the civil enforcement provisions of ERISA (29 U.S.C. § 1132), including 20% liquidated damages, interest, costs of the action, costs of the audit ($8,116.00), and attorneys' fees and expenses;

47.    EWA's failure to remit dues to LOCAL 201 in an amount not less than $3,849.66 for the period January 1, 1995 through September 30, 1999, constituted a violation of the AGREEMENT.

9

48.     Therefore, pursuant to the AGREEMENT, LOCAL 201 is entitled to recover from EWA: a) unremitted dues in the amount of $3,849.66.

49.     EWA's failure to submit contributions to the FUNDS and dues to LOCAL 201 constituted a breach of the AGREEMENT, and EWA's conduct demonstrated a significant likelihood that it would continue to breach the terms of the AGREEMENT, leaving the FUNDS and LOCAL 201 without an adequate remedy at law to ensure EWA's adherence to the AGREEMENT, and thereby causing the members of LOCAL 201 and the participants in the FUNDS to suffer immediate and irreparable injury unless EWA and its officers, agents, servants, and employees are enjoined from failing to timely pay contributions and dues pursuant to the AGREEMENT.

50.     Therefore, pursuant to ERISA and the AGREEMENT, the FUNDS and LOCAL 201 are entitled to an Order from this Court permanently enjoining EWA, and its officers, agents, servants, and employees and all persons in active concert or participation with it, from failing to: a) pay contributions to the FUNDS; and b) pay accurate dues to LOCAL 201, for the term of the AGREEMENT.


Dated: New York, New York
       May 14, 2004

                                          **FOR PLAINTIFFS**:

                                          By:
                                          Vincent F. O'Hara, Esq.
                                          Federal Bar: CT04389
                                          Holm & O'Hara LLP
                                          Attorneys for Plaintiffs–FUNDS & LOCAL201
                                          73 Main Street
                                          Sharon, CT 06069
                                          (800) 580-2280

L:VFO/ASBESTOS/4205.003/Proposed Facts- PTO.doc

10